**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

TOM HENDERSON, ADC #097573          *
                                    *
              Plaintiff,            *
                                    *
v.                                  *
                                    *          No. 5:15CV00205-SWW-JJV
                                    *
STRAUGHN, Warden,                   *
Cummins Unit, ADC, *et al.*         *
                                    *
              Defendants.           *

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan

Webber Wright.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a  hearing is granted)

was not offered at  the hearing before the Magistrate Judge.

1

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.     INTRODUCTION

Tom Henderson ("Plaintiff") brings this action alleging that Defendants violated his constitutional rights.  (Doc. No. 2.)  Specifically, he alleges that he was issued a major disciplinary and the subsequent conviction resulted in his exclusion from an inmate "Alete" program, thirty days of punitive isolation, loss of commissary, transfer from inside lawn to hoe squad, and reduction in inmate class.  (*Id*. at 5.)  Plaintiff claims that his disciplinary conviction was eventually reversed on appeal, but his participation in the "Alete" program, inmate class, and inside lawn job were not restored to him.  (*Id*. at 5-6.)

## II.     SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

## III.   ANALYSIS

The Court is not unsympathetic to Plaintiff's claims, but they do not state a an actionable claim under section 1983.  Inmates do not have a constitutional right to any particular prison job. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam).  Nor do they have a constitutional right to any discretionary prison program.  *See Persechini v. Callaway*, 651 F.3d 802, 807 (8th Cir. 2011) (denial of discretionary prison program does not result in an "atypical or significant hardship.").  Similarly, an inmate has no right to a particular class status.  *See Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990).  Finally, to the extent Plaintiff argues that the disciplinary in question was wrongfully assessed, that claim also fails.  *Dixon v. Brown*, 38 F.3d 379 (8th Cir. 1994) (filing a false disciplinary does not give rise to an actionable claim under section 1983).

Plaintiff never specifically alleges that he lost any good time credits as a result of his disciplinary conviction.  In the last paragraph of his Complaint, however, he claims that the reversal of a disciplinary conviction entitles an inmate to recovery of "good time and class status" and that

he was denied this entitlement.  (Doc. No. 2 at 6.)  If Plaintiff does seek recovery of any good time

credits (and those credits would affect the fact or duration of his sentence), a *habeas corpus* action

is his exclusive remedy.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  If he seeks damages based

specifically on the loss of any good time credits, he may include that information in his objections

to this recommendation.

**IV.     CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to

state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 24th day of June, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

_____

[1]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action
or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior
occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of
the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state
a claim upon which relief may be granted . . . ."